IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., | |
| Plaintiff, | Civil Action No: 2:13-cv-1016 |
| v. | |
| STAPLES, INC., | JURY TRIAL REQUESTED |
| Defendant. | |

**PLAINTIFF PI-NET INTERNATIONAL, INC.'S COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff Pi-Net International, Inc. ("Pi-Net" or "Plaintiff") hereby files this Complaint for Patent Infringement pursuant to the Patent Laws of the United States, Title 35 of the United States Code, against Staples, Inc. ("Defendant") for infringement of U.S. Patent No. 8,346,894 (the "'894 Patent").

**THE PARTIES**

1. Plaintiff Pi-Net is a California corporation with its principal place of business at 222 Stanford Avenue, Menlo Park, California 94025. Dr. Lakshmi Arunachalam is the inventor of the '894 Patent. The '894 Patent is directed to interactive Web applications offered as on-line services atop the Web and exchange of structured data across a service network atop the Web. It is a pioneering invention, because the priority application was the first to disclose a Web application on a service network for connecting a Web client to a provider's (e.g. Web merchant) services, as opposed to then state-of-the-art's reliance on CGI scripting and hyperlinks. Dr. Arunachalam has also been a provider of innovative software products, services and solutions that enable distributed transaction processing and control over public and private networks.

2.      In the early 1990s the Internet (and the World Wide Web), as we know it today, was in its infancy.  Much of the technology that we take for granted today was just being developed.  For example, the web-browser (with the ability to access the pictures, sounds, text and video) was in development.  It wasn't until 1993 that this technology was finally popularized by the release of the Mosaic web-browser.[1]

3.      Also, the concept of conducting business on-line was in its infancy.  Some of the early efforts at on-line transactions used email to complete transactions, but those methods required a person, or machine, to read and respond to the message.  In other words, the transactions were not real-time.  However, in late 1995, Dr. Arunachalam filed a provisional patent application (the '894 Patent claims priority to that application) that introduced the ground-breaking concept of utilizing interactive web applications for conducting real-time web-based transactions at the application layer of the OSI model[2].  That ground breaking technology is embodied in the '894 Patent.

4.      The '894 Patent discloses the fundamental technology underlying Web commerce and real-time Web based transactions that are embodied in Defendant's accused products and services.

5.      Defendant is a corporation organized and existing under the laws of the State of Delaware with its Principal Executive Offices at Five Hundred Staples Drive, Framingham, MA

---

[1] Netscape Navigator was later developed by Netscape, which employed many of the original Mosaic authors; however, it intentionally shared no code with Mosaic.  (*See*, http://en.wikipedia.org/wiki/Mosaic_%28web_browser%29).
[2] The Open Systems Interconnection (OSI) model (ISO/IEC 7498-1) is a conceptual model that characterizes and standardizes the internal functions of a communication system by partitioning it into abstraction layers. The model is a product of the Open Systems Interconnection project at the International Organization for Standardization (ISO). The model groups similar communication functions into one of seven logical layers. A layer serves the layer above it and is served by the layer below it. (*See e.g.,* http://en.wikipedia.org/wiki/Osi_model).

01702. Defendant resides in this judicial district of this Court and regularly transacts business throughout the State of Texas, including in this judicial district. In addition to Defendant continuously and systematically conducting business in Texas, the instant cause of action arose from, or is connected with, Defendant's acts committed in Texas, including real-time Web transactions from Web applications that fall within the scope of or constitute a material portion of at least one claim of the '894 Patent.

6. Defendant engages in business in Texas but has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Defendant's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Defendant's home or home office, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, New Castle County, Delaware 19801.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant under the laws of the State of Texas, including the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

10. This Court has personal jurisdiction over Defendant. Pi-Net incorporates herein all statements of jurisdiction in the preceding paragraphs. Defendant has conducted and does conduct business within the State of Texas, and on information and belief provides products or services that infringe at least one claim of the '894 Patent to customers within the State of Texas.

## THE PATENT-IN-SUIT

11. On January 1, 2013, the United States Patent and Trademark Office duly and legally issued the '894 Patent, entitled "Real-Time Web Transactions From Web-Applications," to Dr. Arunachalam after full and fair examination. A true and correct copy of the '894 Patent is attached hereto as **Exhibit A**. Pi-Net is the assignee of all rights, title, and interest in and to the '894 Patent and possesses all rights of recovery under the '894 Patent, including the right to recover damages for past infringement. The '894 Patent is valid and enforceable.

12. Defendant provides real-time Web transactions from Web applications accessible at least through its website including, but not limited to the website https://www.staples.com/. This infringing functionality is exemplified, in part, by **Exhibit B** attached hereto, which is a true and correct copy of a screen shot of a page from Defendant's website.

## INFRINGMENT OF THE PATENT-IN-SUIT

13. Plaintiff incorporates and realleges paragraphs 1 – 12.

14. Defendant has directly infringed, and is continuing to infringe, at least one claim of the '894 Patent by conducting real-time Web transactions from Web applications. The claims of the '894 Patent are either literally infringed and/or infringed under the doctrine of equivalents.

Defendant's infringement has injured Plaintiff. Accordingly, Pi-Net is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '894 Patent, or future compensation for use of the inventions.

15. Pi-Net is in compliance with the requirements of 35 U.S.C. § 287.

16. Defendant's infringement (and the harm caused to Pi-Net) will continue unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

1. That Defendant be adjudged to have infringed the '894 Patent;

2. An award of damages adequate to compensate Pi-Net for the infringement that has occurred;

3. An award to Pi-Net of all remedies available under 35 U.S.C. § 285, including reasonable attorney fees and costs of suit;

4. A permanent injunction under 35 U.S.C. § 283 prohibiting Defendant, and those in active concert or participation with Defendant from further infringement of the '894 Patent, or, in the alternative, in the event injunctive relief is not granted as requested by Plaintiff, an award of a compulsory future royalty; and

5. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 26, 2013  HOPKINS & CARLEY
A Law Corporation


By: */s/ John V. Picone III*
John V. Picone III
Jennifer S. Coleman
Christopher A. Hohn
Hopkins & Carley
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790
jpicone@hopkinscarley.com
jcoleman@hopkinscarley.com
chohn@hopkinscarley.com

**ATTORNEYS FOR PLAINTIFF
PI-NET INTERNATIONAL, INC.**

614\1056909.1